**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01165-LTB-BNB

STEPHEN LAWSON,

      Plaintiff,

v.

WESTERN SKYWAYS, INC.,

      Defendant and Third Party Plaintiff,

v.

ROCKY MOUNTAIN STRAIGHT FLIGHT, INC.,

      Third Party Defendant.

**ORDER**

THIS MATTER is before the Court on Third Party Defendant Rocky Mountain Straight Flight, Inc.'s Motion to Dismiss Western Skyways, Inc.'s Third-Party Complaint and Request for Attorney Fees, filed December 24, 2009 (docket # 23); Western Skyways. Inc.'s Response to Rocky Mountain Straight Flight, Inc.'s Motion to Dismiss, filed January 13, 2010 (docket #33); and Rocky Mountain's Reply, filed December 24 (docket #34). For the reasons stated below, the Motion is granted.

I. <u>BACKGROUND</u>

This suit arises out of an airplane crash that occurred on or about July 22, 2007, near the Nampa, Idaho airport. Plaintiff Stephen Lawson was a passenger in the accident aircraft, N2089U. The aircraft made an off-field landing and it is alleged that Plaintiff Lawson suffered injuries as a result. N2089U was equipped with on-board aerial mapping equipment. A post-crash investigation revealed that the on-board mapping equipment broke free during the crash

sequence. Skyways' assertion of Straight Flight's liability is based on Skyways' claim that the aircraft records show that Straight Flight performed a structural substantiation of this on-board aerial mapping equipment mounting hardware. "Structural substantiation" is a term of art in aviation that applies to part of the process by which the Federal Aviation Administration ("FAA") approves an alteration of a certified aircraft from its original design.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits a defendant to file a motion to dismiss for failure to state a claim upon which relief can be granted. In reviewing such a motion to dismiss, the court must "look for plausibility in the complaint." *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009). This means the complaint must "include enough facts to state a claim for relief that is plausible on its face." *Id.* at 1223-24 (internal quotations omitted). The allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* In reviewing a motion to dismiss under Rule 12(b)(6), courts may consider the allegations of the complaint and "also attached exhibits ... and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950. If the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the Court should dismiss the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)

(*quoting Bell Atlantic*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See id.*

Determining "whether a complaint states a plausible claim" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft*, 129 S. Ct. at 1950. While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atlantic*, 127 S. Ct. at 1964-65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44-45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but not shown--that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (internal formatting omitted). Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts--and only the alleged facts--are believed to be true, the plaintiff has a claim for relief." *Knox*, 566 F. Supp. 2d at 1222; *see Bell Atlantic*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247-48.

III. <u>ANALYSIS</u>

Straight Flight asserts that the "aircraft records" referred to by Skyways in its Third-Party Complaint, do not show that it performed a structural substantiation for on-board aerial mapping equipment mount hardware on the accident aircraft. Rather, the aircraft records state that, on March 31, 2001, Terry E. Edwards, airframe & powerplant mechanic license 1448093,

3

performed or approved the performance of a LIDAR system installation the Cessna T206F aircraft with registration number N2089U, the accident aircraft, with an aircraft serial number of U20602334. Skyways has not alleged that Edwards is an employee or agent of Straight Flight. Also found within these aircraft records is a completed "Statement of Compliance" form ("Compliance form"). This Compliance form, submitted in support of the equipment rack installation, contains no reference to the accident aircraft but rather only the limitation: " This approval is valid only for Cessna Model U206 s/n: 02606".

Straight Flight argues that Skyways' Complaint must be dismissed because the only factual allegation supporting the complaint is not supported by the aircraft records. Straight Flight emphasizes that the FAR form showing Straight Flight as an applicant and approving the engineering design data for the installation of similar equipment on a different aircraft -which bears aircraft serial number U20603606 - has nothing to do with this case. Straight Flight goes on to say that given the content of the aircraft records, Skyways allegation that Straight Flight performed a structural substantiation for the accident aircraft cannot be accepted as true. And, without that allegation, there are no facts to provide plausible support to Skyways' claim for contribution.

Skyways states that the aircraft records show, Straight Flight conducted its analysis on the camera equipment itself, not any specific airplane. Therefore, the work performed by Straight Flight is at issue regardless of which serial number aircraft the equipment was installed in. Skyways argues that the fact that the documents referencing Straight Flight are part of the maintenance records for the accident aircraft is sufficient to establish a plausible claim for relief.

I find that Skyways' Third Party Complaint and the aircraft records incorporated thereto are insufficient to establish a plausible claim for relief. The Third Party Complaint states that [t]he aircraft records show that Third-Party Defendant Rocky Mountain performed a structural

4

substantiation of *this* on-board aerial mapping equipment mounting hardware." Third Party Complaint, ¶ 8 (emphasis added). The aircraft records, however, show no such thing. The documents referring to the structural substantiation are for a different aircraft and by its very terms are limited to that aircraft. It expressly states that "(t)his approval is valid only for Cessna Model U206 s/n [serial number] 02606." A structural substantiation report for the alteration to the accident aircraft at issue in this case does not appear in the records. As such, I find that there are no factual allegations made by Skyways that provide "plausible" support for Skyways' claim for contribution. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) citing *Droppleman v. Horsley*, 372 F.2d 249, 250 (10th Cir. 1967)(the legal effect of an incorporated document considered on a motion to dismiss "is to be determined by the document's terms rather than by the allegations of the pleader" in the complaint)(internal citations omitted).

I decline to address Straight Flight's other arguments for dismissal as I have already found that Skyways has failed to state a claim for relief that is plausible on its face. I also note that I did not consider the post-accident photographs attached to Skyways' Response to the Motion to Dismiss as they are not pertinent to the issues raised in the Motion to Dismiss.

Finally, I conclude that Straight Flight is entitled to reasonable attorney fees incurred in defending this action. *See* Colo. Rev. Stat. §13-17-201. *See also Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 Fed. Appx. 707, 715 (10th Cir. 2009).

IV. CONCLUSION

Accordingly, Rocky Mountain Straight Flight, Inc.'s Motion to Dismiss Western Skyways, Inc.'s Third-Party Complaint and Request for Attorney Fees, filed December 24, 2009 (docket #25) is **GRANTED**. The Third-Party Complaint is **DISMISSED**, with costs awarded to Straight Flight. It is

FURTHER ORDERED that Straight Flight shall submit its calculation of attorney fees

5

together with time and billing records within 14 days, with Skyways' response to be filed 14 days thereafter.

Dated: May 5th, 2010.

BY THE COURT:

 s/Lewis T. Babcock
Lewis T. Babcock, Judge