**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01717-LTB

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

WESTERN SKYWAYS, INC.,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiff Employers Mutual Casualty Company's (hereinafter "EMC") Motion to Consolidate Related Cases, filed January 19, 2010 (docket #23); Defendant's Response, filed February 9, 2010 (docket #27); and Plaintiff's Reply, filed February 23, 2010 (docket #30). For the reasons stated below, the Motion is granted.

    **I.    BACKGROUND**

This case arises from the July 22, 2007, crash of a single engine Cessna TU206F aircraft at the Nampa Airport in Nampa, Idaho. Plaintiff EMC alleges it incurred damages related to the destruction of various high-tech equipment onboard the Cessna during the crash. Plaintiff alleges the following claims for relief: negligence, breach of warranties, and strict liability. On July 22, 2009, this action was transferred to me as it related to *Lawson v. Western Skyways, Inc.*, Case No. 09-cv-1165-LTB-BNB (hereinafter "*Lawson*"). *Lawson* arises from the July 22, 2007, crash of TU206F and involves the personal injuries sustained

by an aerial photographer onboard the Cessna.  Plaintiff Lawson raises the following claims for relief: negligence, and strict liability.  He is alleged to be paraplegic and is seeking over $10 million in non-economic damages.

## II.     LEGAL STANDARD

Rule 42(a) provides for the consolidation of actions involving "a common question of law or fact."  "The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court." *C.T. v. Liberal Sch. Dist.*, 562 F.Supp.2d 1324, 1346 (D. Kan. 2008)(citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  "In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation." *Id.*  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* (Internal citations omitted).

## III.    ANALYSIS

Plaintiff EMC argues that common questions of law and fact abound between this case and *Lawson*.  Plaintiff EMC notes that in both cases, the Plaintiffs assert claims against the same Defendant based upon negligence and strict liability.  The claims regard repair and maintenance Defendant performed on the Cessna's engine and its component parts.  Plaintiff EMC goes on to say that at trial the factual and expert witnesses on the issue of liability will be the same as in *Lawson*.  Plaintiff EMC asserts that judicial economy will be best served by consolidating the cases.  As to the issue of prejudice, Plaintiff argues that no prejudice to any party will result because the damages in each case are distinct and will be easily distinguished by the finder of fact.

Defendant responds that because Mr. Lawson is alleged to have suffered very serious bodily injury, and seeks a large amount of non-economic damages, there is no doubt that the jury would be influenced by those injuries when reaching a verdict in this property damage case. Defendant argues that the fact that EMC and Mr. Lawson choose to use the same experts does not make consolidation appropriate because this unified front will only serve to increase the prejudice against Western Skyways. Finally, Defendant argues that the Lawson case will involve complex issues of crashworthiness that will not be present in this case. I will not further address any of Defendant's argument regarding the Third Party Defendant in *Lawson* as the claims against the Third Party Defendant have been dismissed.

In this case, I find that considerations of judicial efficiency weigh overwhelmingly in favor of consolidating the two cases. It is clear to me that a great deal of the evidence in the two cases will be identical, many of the same experts will testify, and that the two cases will involve many common issues of law. It would be an undue burden on witnesses to present the same testimony in two separate trials, it would be an unnecessary expense to the parties to endure two separate trials, and it would be a grossly inefficient use of the court's time and jury resources. While I appreciate Defendant's concerns to a certain degree, I do not believe that consolidating would deprive the Defendant of a fair trial. Any concern about juror confusion and possible prejudice can be easily cured with appropriate jury instructions at trial. I find that any slight risk of juror confusion and prejudice is significantly outweighed by considerations of judicial efficiency, which is best served by consolidation.

## IV. CONCLUSION

I therefore ORDER that Plaintiff's Motion to Consolidate Related Cases, filed January 19, 2010 (docket #23) is **GRANTED**. It is

FURTHER ORDERED that this case is consolidated with Stephen Lawson v. Western Skyways, Inc. Case No. 09-cv-01165-LTB-BNB and all further filings should be filed with the caption as follows:

Civil Action No. 09-cv-01165-LTB-BNB

STEPHEN LAWSON,
    Plaintiff,
vs.
WESTERN SKYWAYS, INC.,
    Defendant/Third-Party Plaintiff,
vs.
ROCKY MOUNTAIN STRAIGHT FLIGHT, INC.,
    Third-Party Defendant.


Civil Action No. 09-cv-01717-LTB

EMPLOYERS MUTUAL CASUALTY COMPANY,
    Plaintiff,
vs.
WESTERN SKYWAYS, INC.,
    Defendant.


Dated: May __21__, 2010.

                      BY THE COURT:

                        s/Lewis T. Babcock
                      Lewis T. Babcock, Judge