**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01165-LTB-BNB
(Consolidated w/ 09-cv-01717-LTB)

STEPHEN LAWSON
EMPLOYERS MUTUAL CASUALTY COMPANY,

      Plaintiffs,

v.

WESTERN SKYWAYS, INC.,

      Defendant,

___

**ORDER**
___

THIS MATTER is before the Court on Western Skyways, Inc.'s Motion for the Application of Colorado Damages Law, filed February 11, 2010 (docket #35); Response, filed March 4, 2010 (docket #40); Reply, filed March 16, 2010 (docket #46). For the reasons stated below, the motion is granted.

    I.    <u>INTRODUCTION</u>

This lawsuit arises out of the July 22, 2007 crash of an aircraft near the Nampa, Idaho airport. The complaint for this action was filed on May 22, 2009 in this Court. It states that the overhaul, repair work, and remanufacturing of the engine and component parts occurred at Defendant's facility in Montrose Colorado. The complaint sets forth negligence and products liability causes of action against Western Skyways. Discovery has shown that Defendant overhauled the engine and fuel pump on the accident aircraft on July 27, 2004 in Montrose, Colorado. The engine was then shipped to a third-party

in Belen, New Mexico where it was installed on the accident aircraft.

Western Skyways is Colorado corporation with its sole place of business in Montrose, Colorado. Plaintiff is a New Mexico resident. He was employed by Spectrum Mapping, LLC, which is a Colorado limited liability company. The accident aircraft was owned by Remote Airbone Mapping Service, LLC. Spectrum Mapping, LLC and Remote Airborne Mapping Service, LLC have their principal offices in Denver, Colorado. He entered into his employment with Spectrum at their office in New Mexico.

Plaintiff also notes the following facts: the accident aircraft was based in and maintained in New Mexico; the accident aircraft departed from New Mexico and would have returned to New Mexico had the accident not occurred; the pilot of the aircraft lives and works in New Mexico; the engine on the aircraft was shipped from Defendant to be placed on the aircraft in New Mexico; after being discharged from the University of Utah Hospital, all of Plaintiff's medical treatment and therapy has been in New Mexico; and Plaintiff is currently receiving workers' compensation insurance benefits pursuant to New Mexico law.

II.     ANALYSIS

A federal court exercising its diversity jurisdiction must apply the choice of law rules of the forum state. *AE, Inc. V. Goodyear Tire and Rubber Co.* 168 P.3d 507, 508 (Colo. 2007) *citing Telectronics, Inc. v. United Nat'l Ins. Co.*, 796 F.Supp. 1382, 1389 (D. Colo. 1992). Colorado courts employ the "most significant relationship to the occurrence and the parties" test which is spelled out in the Second Restatement of Conflicts, Sections 6 and 145. *Id.* at 510; Restatement Second of Conflicts § 6 and 145.

Section 6 of the Restatement (Second) of the Conflict of Laws provides several factors to be considered in making a choice of law determination:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Section 145 of the Restatement provides specific contacts that are to be considered in applying the principles in section 6 to determine the law applicable to an issue which include:

a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Courts are to evaluate the Section 145 contacts and assign a relative degree of importance to each. *Lewis-DeBoer v. Mooney Aircraft Corp.* 728 F.Supp. 642, 644 (D. Colo. 1990).

A.   Restatement (Second) Conflict of Laws § 145 Factors

In order to determine what law applies to Lawson's claims, I must consider the four factors stated in the Restatement (Second) Conflict of Laws § 145.

1.   Place Where the Injury Occurred

The parties agree that the place of the accident is fortuitous, and that the place of the accident, Idaho, should not be a factor in my analysis.

2.   Place of Conduct Causing Injury

Defendant maintains there is no indication that any alleged tortuous conduct on the part of Western Skyways occurred any place other Colorado. Further, Defendant notes the engine maintenance records reflect that Western Skyways performed no maintenance on the engine after it left its Montrose facility. Plaintiff argues that at trial Defendant will point to the conduct of non-parties at fault, in particular the pilot, a resident of New Mexico. The parties dispute which Colorado case is applicable to this motion. Defendant argues that *Iskowitz v. Cessna Aircraft Co., et al.*, 2009 WL3162016 (D. Colo., Sep. 30, 2009), an unpublished opinion, is directly on point as it a aviation/product liability case wherein the court engages in a analysis of the most significant relationship to the occurrence and the parties standard and the factors from the Restatement Second Conflict of Laws Sections 6 and 145.

Plaintiff argues that *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507 (Colo. 2007), is controlling because the analysis of the court focuses on the issue of damages. In *AE,* the parties agreed that notwithstanding the action having been brought in Colorado, Utah has the most significant relationship to AE's tort claim against Goodyear. AE's house was located in Utah; the installation was performed there; and

4

all repairs would occur there. Plaintiff asserts that this is similar to the instant case where the engine with fuel pump were shipped from Colorado to New Mexico for installation on the aircraft which was based in New Mexico.

I agree with Defendant that *Iskowitz*, a aviation/product liability case is on point and should apply to this case. Here, based on the allegations in the Complaint, the place of the conduct causing the injury is Colorado. As in *Iskowitz*, nothing in the Complaint indicates that any actions related to the design or manufacture of the engine occurred in New Mexico. Although the engine was shipped from Colorado to New Mexico for installation on the aircraft which was based in New Mexico, according to the Complaint, the overhaul repair work and remanufacturing of the engine and component parts which caused the crash occurred at Defendant's facility in Montrose, Colorado.

        3.      Domicile and Residence of the Parties

As noted above, Plaintiff resides in New Mexico, receives his medical treatment in New Mexico, and receives workers compensation benefits under New Mexico workers compensation law. Plaintiff argues that for the above reasons and because Defendant points to the pilot and maintenance personnel whom reside in New Mexico as being liable for the accident New Mexico law should be applied. Plaintiff cites to no case law where the court has held that the residence of non-parties is pivotal to my analysis as to choice of law. Western Skyways is a Colorado corporation doing business in Montrose, Colorado. "The importance of the defendant's place of business is heightened because this is products liability case." *Lewis -DeBoer v. Mooney Aircraft Corp.*, 728 F. Supp. 642, 645 (D. Colo. 1990). Thus, this factor weighs in favor of applying Colorado law.

4. Center of Relationship of the Parties

Plaintiff contends that there is a relationship among the non-parties at fault. The pilot, the aircraft engine installers and maintainors, the office of Spectrum in Albuquerque, and Plaintiff worked and resided in New Mexico and are all centered in New Mexico. Again, Plaintiff cites to no case law where the court has held that the relationship of non-parties is pivotal to my analysis as to choice of law. The parties did not have a previous relationship and were unknown to one another prior to this lawsuit. This factor carries no weigh in the choice of law analysis.

Reviewing the above factors, I conclude that the place of conduct that allegedly caused Lawson's injury and the domicile and residence of the parties weigh in favor the application of Colorado law.

B. Section 6 Factors and Policy Considerations

Defendant argues that the needs of the interstate system are best served by the application of Colorado law. Defendant contends that Colorado has the strongest interest in this litigation because the allegations involve a Colorado defendant. Defendant goes on to state that the relevant policies of the forums are satisfied by applying Colorado law as the Colorado General Assembly has stated that it views excessive non-economic damage judgments to be a burden on Colorado's economic, commercial, and personal welfare. See Colo. Rev. Stat. 13-21-102.5(1).

Defendant argues that the justified expectations of the parties are satisfied by the application of Colorado law because as a Colorado corporation Western Skyways has the expectation that Colorado law will be applied to lawsuits brought against it. Defendant asserts that Plaintiff had the expectation that New Mexico damages law

would not be applied because the damages law of New Mexico requires the application of either Idaho or Colorado law.  Further, Mr. Lawson was employed by a Colorado company and because suit was brought in a court sitting within the State of Colorado.

Defendant states that the basic policies underlying the particular field of law are furthered by the application of Colorado law.  Defendant notes that Colorado has announced a clear policy to protects its citizens from unjustifiably large non-economic damage awards.

Defendant asserts, whether the suit was filed in New Mexico or Colorado, New Mexico damages law would not be applied because New Mexico follows the rule of *lex loci delecti*, which look to the location where the wrong occurred.  *Terrazas v. Garland & Loman, Inc.*, 142 P.3d 374, 378 (N.M. Ct. App. 2006).  New Mexico courts have defined this rule to mean: " the state where the last event necessary to make an actor liable for an alleged tort took place, and the State of injury." *Guidance Entodontics, LLC v. Dentsply Intl.*, Inc., 2009 WL 3202472 *12 (D. N. M. 2009). Defendant contends that while it is arguable whether the wrong occurred in Idaho or Colorado, it is clear that it did not occur in New Mexico.

Plaintiff states in response that New Mexico courts would not apply *lex loci* when doing so would violate public policy.  *Citing Torres v. State*, 894 P.2d 386, 390(N.M. 1995).  Plaintiff argues that the following public policy factors weigh in his favor: he is a New Mexico citizen who was seriously injured and will rely upon care in New Mexico; he collects worker's compensation benefits based upon New Mexico law; the New Mexico worker's compensation insurance company has an interest in his receiving compensation for past and future damages; the engine overhauled by

Defendant was shipped to New Mexico to be installed on an aircraft based in New Mexico which was being used by an aerial photography company with its office in New Mexico; and New Mexico citizens flying in a New Mexico aircraft from New Mexico, and intent on returning to New Mexico deserve to be protected under New Mexico's damages laws. Plaintiff argues that a state's significant relationship does not apply to benefit a defendant tortfeasor so that it may pay lessor damages for pain and suffering. Plaintiff goes on to assert under the facts of this case, the state with the most significant relationship to the occurrence as it relates to all of the parties and players is New Mexico.

     I conclude Colorado law applies to Lawson's claims against Western Skyways. Under Colorado's choice of law standards, and in the context of Lawson's claims against Western Skyways, Colorado has the most significant relationship to the occurrence and the parties at issue in this case. Further, even upon application of New Mexico's choice of law standards, I would reach the same result. Plaintiff cites to no New Mexico case law where the courts have held that it is against New Mexico's public policy to apply *lex loci* where it benefits a defendant tortfeasor so that the defendant may pay lessor damages for pain and suffering.

III. <u>CONCLUSION</u>

Western Skyways, Inc.'s Motion for the Application of Colorado Damages Law, filed February 11, 2010 (docket #35) is **GRANTED**.

Dated: July   22  , 2010.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge