**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-01165-LTB-BNB
(Consolidated w/ 09-cv-01717-LTB)

STEPHEN LAWSON
EMPLOYERS MUTUAL CASUALTY COMPANY,

       Plaintiffs,

v.

WESTERN SKYWAYS, INC.,

       Defendant,

___

## ORDER
___

THIS MATTER is before me on Third Party Defendant Rocky Mountain Straight Flight, Inc.'s (Straight Flight) Statement of Attorney Fees and Costs, filed May 19, 2010 (docket #54); Defendant's Objection, filed June 30, 2010 (docket #74); and Third-Party Defendant's Reply, filed July 19, 2010 (docket #77). On May 5, 2010, I entered an order granting Straight Flight's Motion to Dismiss the third-party claim against it brought by Third-Party Plaintiff Western Skyways, Inc. (Western Skyways). In that order, I awarded Straight Flight its costs and granted its request for attorney fees pursuant to C.R.S. § 13-17-201. In their Statement of Attorney's fees, Straight Flight requests that I enter an order awarding attorney fees in the amount of $23, 213 and costs in the amount of $548.47.

Defendant Western Skyways asserts that I improperly awarded attorney's fees to Straight Flight because C.R.S. § 13-17-201 does not apply to dismissal of third-party

actions. Straight Flight, in its reply, cites to *Sotelo v. Hutchens Trucking Co., Inc.*, 166 P.3d 285, 286-87 (Colo. App.), arguing that attorney fees are appropriate in the third-party context. I agree. In *Sotelo*, the Colorado Court of Appeals reviewed the trial court's denial of the third-party defendant's request for attorneys fees pursuant to § 13-17-201. *Id.* No where in that order is the suggestion that an award of attorney fees was improper in the third-party context and the denial of fees was upheld on another basis.

Western Skyways next asserts that because I considered documents not incorporated into the Third-Party Complaint I converted the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56 which would preclude an award of attorney's fees. As stated in my Order, I ruled that the aircraft records were "incorporated into Skyways' Third Party Complaint" therefore it was appropriate for me to consider these records in reviewing the motion to dismiss. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(in reviewing a motion to dismiss under Rule 12(b)(6), courts may consider the allegations of the complaint and "also attached exhibits.... and documents incorporated into the complaint by reference"). Western Skyways also asserts because I used the same definition of "structural substantiation" used in Straight Flight's Motion, I considered additional materials outside of the pleadings. This argument is without merit. The fact that I used the definition of a term of art unfamiliar to the general public contained in Straight Flight's motion does not mean that I considered documents outside of the pleadings or that Straight Flight's motion should have been converted to a motion for summary judgment.

Finally Western Skyways argues that the attorney's fees sought are unreasonable in amount. Western Skyways contends that a primary example of the unreasonableness of the fees sought by Straight Flight involves Straight Flight's categorical and unjustified refusal to engage in discovery. It goes on to state that on March 2, 2010, Western Skyways filed its motion for leave to conduct discovery from Straight Flight. Straight Flight billed $3,356.00 preparing an opposition to Western Skyways' motion and appearing at the hearing. Western Skyways contends that the response prepared generally did not address the merits of the motion and instead re-hashed the motion to dismiss and incorrectly relied upon the Colorado Rules of Civil Procedure. Western Skyways argues because its motion was granted there should be no fees awarded for Straight Flight's briefing and opposition to discovery.

Straight Flight argues that it did not re-hash the Motion to Dismiss in its response to the discovery motion, but instead, carefully compared the technical drawings in the aircraft record attached to Western Skyways' Third-Party Complaint and the technical drawings for the aircraft for the aircraft on which Straight Flight had performed worked, prepared exhibits, and other analysis. Straight Flight contends that its opposition to early discovery was justified because Straight Flight never touched the plane at issue in this case, so it reasonably concluded that participating in early discovery would be a waste of time and resources. Straight Fight notes that on December 21, 2009, its counsel informed counsel for Western Skyways by telephone that the Third-party Complaint should be withdrawn because Straight Flight had not worked on the accident aircraft. At that time, attorney fees incurred by Straight Flight totaled $1,322. Straight Flight argues that Western Skyways' refusal to withdraw the Third-Party Complaint, on

the same basis as found in my Order, resulted in the remaining $22,439.43 in attorney fees and costs, totaling $23,761.47.

The starting point for any calculation of a reasonable attorneys fee is the "lodestar" analysis — that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir.1996); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983). Under this analysis, a court may adjust the lodestar up or down based on certain factors. *Ramos v. Lamm, supra*, 713 F.2d at 552-55. Generally, a party seeking an award of attorney fees and costs must demonstrate that the fees and costs they seek are reasonable. *Dewey v. Hewlett Packard Co.*, 2007 U.S. Dist. LEXIS 16276, 2007 WL 707462 (unpublished)(D. Colo. 2007).

After review of the affidavits signed by Straight Flight's counsel and supporting itemized invoices, I find that it has met its burden that the fees requested are reasonable under the circumstances.  Western Skyways' offers no evidence that the hourly rates charged are not consistent with rates charge by similar attorneys with similar expertise and skill in the Denver metropolitan area.  Further, Straight Flight's objection to conducting early discovery was reasonable under the circumstances.

As such, I HEREBY ORDER ENTRY OF JUDGMENT in favor of Third-Party Defendant Rocky Mountain Straight Flight, Inc. and against Third-Party Plaintiff

Western Skyways, Inc for attorney's fees in the amount of $23,213 and costs in the amount of $548.47.

Dated: November   12  , 2010.

                          BY THE COURT:

                            s/Lewis T. Babcock
                          Lewis T. Babcock, Judge